**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIPS, et al.** | : | **No. 2:26-cv-1458** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Chief Judge Bissoon** |
| | : | |
| **BIVENS, et al.** | : | **Electronically Filed Document** |
| **Defendants** | : | |

**ANSWER TO PLAINTIFFS' COMPLAINT**

AND NOW comes Defendant Lt. Col. George L. Bivens ("PSP Defendant") by and through his attorneys Margaret A. Potter, Deputy Attorney General and Nicole R. DiTomo, Chief Deputy Attorney General, Civil Litigation Section and files the herein Answer to Plaintiff's Complaint [ECF No. 1] and affirmative defenses. All headings correspond to the headings in the Complaint. PSP Defendant's Answer also matches his response to Plaintiffs' paragraphing. PSP Defendant makes his best efforts to respond to Plaintiff's Complaint, and the allegations and averments contained therein.

**INTRODUCTION**

1. Paragraph 1 contains a general statement of the nature of Plaintiffs' action to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

2. Paragraph 2 contains Plaintiffs' personal beliefs regarding consequences of denial of License to Carry Firearm (LCTF) eligibility to which no response required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

5. Paragraph 5 contains a statements regarding Plaintiffs' decision not to challenge 18 Pa.C.S. § 6109(e)(xiii) and €(1)(xiv) denials for those who have been convicted of serious CSDDCA offenses to which no response is required.

6. Paragraph 6 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

7. Paragraph 7 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

8. Paragraph 8 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

9. Paragraph 9 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

10. Paragraph 10 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

11. Paragraph 11 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

**PARTIES**

12. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

13. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 13.

14. DENIED AS STATED. Plaintiff pled guilty at CP-10-CR-0000976-1994 to numerous offenses, including Possession of a Small Amount of Marijuana in violation of 35 Pa. C.S. § 780-113(a)(31).

15. Paragraph 15 is ADMITTED.

16. Paragraph 16 is DENIED AS STATED.

17. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 17.

18. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 18.

19. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 19.

20. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. Further, PSP Defendants lacks sufficient knowledge to form a belief as to factual averments or allegations in

this paragraph. To the extent a response is required, any factual averments or allegations therein are DENIED.

22. Paragraph 22 contains legal conclusions as well as Plaintiffs' opinion regarding LTCF. To the extent a response is required, any factual averments or allegations therein are DENIED.

23. Paragraph 23 contains legal conclusions as well as Plaintiffs' opinion regarding Pennsylvania law. To the extent a response is required, any factual averments or allegations therein are DENIED.

24. Paragraph 24 contains legal conclusions as well as Plaintiffs' opinion regarding Plaintiff's denial of a LTCF. To the extent a response is required, any factual averments or allegations therein are DENIED.

25. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

26. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

27. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of PSP Defendant only. To the extent this paragraph contains other factual averments or allegations, they are DENIED.

28. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Defendant Sheriff Michael T. Slupe only. To the extent this paragraph contains other factual averments or allegations, they are DENIED.

## JURISDICTION AND VENUE

29. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

30. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

## STATEMENT OF FACTS

### Second Amendment Methodology

31. ADMITTED.

32. Paragraph 32 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

33. Paragraph 33 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

34. Paragraph 34 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

35. Paragraph 35 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

36. Paragraph 36 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

37. Paragraph 37 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

38. Paragraph 38 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

39. Paragraph 39 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

40. Paragraph 40 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

41. Paragraph 41 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

42. Paragraph 42 contains legal conclusions and Plaintiffs' opinion as to Supreme Court precedent to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

43. Paragraph 43 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

44. Paragraph 44 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

45. Paragraph 45 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

46. Paragraph 46 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

47. Paragraph 47 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

48. Paragraph 48 contains legal conclusions and Plaintiffs' summary of caselaw to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

49. Paragraph 49 contains legal conclusions and Plaintiffs' opinions regarding Pennsylvania law to which no response is required. To the extent a response is required, any factual averments or allegations therein are DENIED.

**Plaintiffs' Harms**

50. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 50.

51. DENIED AS STATED. Plaintiff pled guilty at CP-10-CR-0000976-1994 to numerous offenses, including Possession of a Small Amount of Marijuana in violation of 35 Pa. C.S. § 780-113(a)(31). As to averments regarding Plaintiff's personal marijuana use, PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 51.

52. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 52.

53. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 53.

54. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 54.

55. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 55.

56. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that Plaintiff Philips is subject to restrictions under 18 Pa. C.S. § 6109 on obtaining a concealed carry permit. All other factual averments or allegations in Paragraph 56 are DENIED.

57. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that Plaintiff was denied a concealed carry permit by Defendant Sheriff Slupe and that the PICS system is managed and controlled by Defendant PSP. All other factual averments or allegations in Paragraph 57 are DENIED.

58. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 58.

59. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations regarding Plaintiffs' personal beliefs regarding the futility of appeal in Paragraph 58.

60. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph .60

61. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 61.

62. ADMITTED IN PART DENIED IN PART. It is ADMITTED Plaintiff cannot lawfully carry a firearm. It is DENIED that Plaintiff is prevented from open carrying a firearm in Pennsylvania.

63. DENIED that PSP Defendant has prohibited Plaintiffs from open carrying in Philadelphia, as § 6108 is a duly enacted statute of the Assembly. All other factual averments and allegations contained in this Paragraph are DENIED.

64. Paragraph 64 contains legal conclusions to which no response is necessary. To the extent a response is required, any factual averments or allegations therein are DENIED.

65. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 65.

66. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 66.

67. Paragraph 67 is DENIED and strict proof is demanded at trial.

68. DENIED. This Paragraph set forth legal conclusions to which no responsive pleading is required. To the extent that there are factual allegations, they are DENIED. By way of further response, Defendant LACKS KNOWLEDGE as to whether organizational plaintiff counts other, similarly situated individuals as to individual plaintiffs among its members. All other factual averments and allegations contained in this paragraph are DENIED.

69. Paragraph 69 is DENIED and strict proof is demanded at trial.

70. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations in Paragraph 70.

**COUNT I**
**U.S. CONST. AMENDS. II & XIV**
**RIGHT TO KEEP AND BEAR ARMS**
**42 U.S.C. § 1983 AGAINST DEFENDANTS**

71. Paragraph 71 is a paragraph of incorporation to which no response is required.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

74. Paragraph 74 is DENIED and strict proof is demanded at trial.

75. Paragraph 75 is DENIED and strict proof is demanded at trial.

76. ADMITTED IN PART DENIED IN PART. It is ADMITTED Plaintiff Philips was denied a LTCF. PSP Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's remaining factual averments or allegations in Paragraph 76.

77. Paragraph 76 is DENIED and strict proof is demanded at trial.

78. Paragraph 78 is DENIED and strict proof is demanded at trial.

79. Paragraph 79 is DENIED and strict proof is demanded at trial.

80. Paragraph 80 is DENIED and strict proof is demanded at trial.

**COUNT II**
**U.S. CONST. AMENDS. II & XIV**
**RIGHT TO KEEP AND BEAR ARMS**
**42 U.S.C. § 1983 AGAINST DEFENDANTS**
**LIMITED FACIAL CHALLENGE TO 18 PA.C.S. § 6109(e)(1)(ii)**

81. Paragraph 81 is a paragraph of incorporation to which no response is required.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

83. Paragraph 83 is DENIED and strict proof is demanded at trial.

84. Paragraph 84 is DENIED and strict proof is demanded at trial.

85. Paragraph 85 is DENIED and strict proof is demanded at trial.

## PRAYER FOR RELIEF

A. This paragraph contains Plaintiffs' request for relief, to which not response is required.

B. This paragraph contains Plaintiffs' request for relief, to which not response is required.

C. This paragraph contains Plaintiffs' request for relief, to which not response is required.

D. This paragraph contains Plaintiffs' request for relief, to which not response is required.

E. This paragraph contains Plaintiffs' request for relief, to which not response is required.

F. This paragraph contains Plaintiffs' request for relief, to which not response is required.

G. This paragraph contains Plaintiffs' request for relief, to which not response is required.

H. This paragraph contains Plaintiffs' request for relief, to which not response is required.

I. This paragraph contains Plaintiffs' request for relief, to which not response is required.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, PSP Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM**

Plaintiffs fail to state any claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE – LACK OF INTENT**

If PSP Defendant violated any of Plaintiffs' rights, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton, or reckless.

**THIRD AFFIRMATIVE DEFENSE – IMMUNITIES**

PSP Defendant may be immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign, or any other immunity.

**FOURTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS**

Parts or all of Plaintiffs' action may be barred by the applicable Statute of Limitation.

**FIFTH AFFIRMATIVE DEFENSE – STANDING**

Each Plaintiff may lack the required standing to bring the claims in this matter, in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE – INTENT**

At no time has Defendant, either individually, or in concert with others, deprived or sought to deprive Plaintiffs of any rights, privileges, or immunities secured to them by the Constitution or laws of the United States or this Commonwealth.

**SEVENTH AFFIRMATIVE DEFENSE – RES JUDICATA**

Plaintiffs' claims may be barred, in whole or in part, by *res judicata* and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE – ABSTENTION**

Plaintiffs' claims may be precluded by principles of abstention.

**NINTH AFFIRMATIVE DEFENSE – FAILURE TO JOIN INDISPENSABLE PARTIES**

Plaintiff failed to join indispensable parties.

**TENTH AFFIRMATIVE DEFENSE – IMPROPER VENUE**

Some or all of the claims should be dismissed due to improper venue.

PSP Defendant reserves the right to assert additional Affirmative Defenses, as appropriate.

**Respectfully submitted,**

**DAVID W. SUNDAY, JR.**
**Attorney General**

**By:** ***s/ Margaret A. Potter***
**MARGARET A. POTTER**
**Deputy Attorney General**
**Attorney ID # 330428**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

***Counsel for Defendant Bivens***

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**

**mpotter@attorneygeneral.gov**

**Date: October 23, 2026**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILIPS, et al.** | : | **No. 2:26-cv-1458** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Chief Judge Bissoon** |
| | : | |
| **BIVENS, et al.** | : | **Electronically Filed Document** |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

I, Margaret A. Potter, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 23, 2026, I caused to be served a true and correct copy of the foregoing document titled ***ANSWER*** to the following:

**VIA ECF:**

Michael Antonio Giaramita, Jr.
Giaramita Law Offices P.C.
101 West Chester Pike, Ste. 1a
Havertown, PA 19083
mike@glawpa.com
*Counsel for Plaintiffs Philips, Gun Owners of America, Inc., and Gun Owners Foundation*

Thomas W. King , III
tking@dmkcg.com
Jordan P. Shuber
jshuber@dmkcg.com
Dillon, McCandless, King, Coulter & Graham L.L.P.
128 West Cunningham Street
Butler, PA 16001
*Counsel for Defendant Sheriff Michael T. Slupe*

***s/ Margaret A. Potter***
Margaret A. Potter
Deputy Attorney General